COMMONWEALTH vs. PAUL JOHN O'NEIL.

Worcester. September 10, 1980. — December 1, 1980.

Present: HENNESSEY, C.J., BRAUCHER, WILKINS, LIACOS, & ABRAMS, JJ.

*Homicide.*

There was nothing in the record of a trial at which a defendant was con-
victed of murder in the second degree to warrant this court's exercise of
its power under G. L. c. 278, § 33E, to reduce the verdict to man-
slaughter. [13]

INDICTMENT found and returned in the Superior Court
Department on February 13, 1979.

The case was tried before *Travers, J.*

After review was sought in the Appeals Court, the Su-
preme Judicial Court, on its own initiative, ordered direct
appellate review.

*H. Hoover Garabedian* for the defendant.

*Daniel F. Toomey*, Assistant District Attorney, for the
Commonwealth.

BRAUCHER, J. The defendant was convicted of murder in
the second degree on an indictment charging murder (com-
prehending murder in the first degree) committed on
December 11, 1978. The sole issue presented on his appeal
is whether we should exercise our power under G. L. c. 278,
§ 33E, to direct the entry of a verdict of guilty of man-
slaughter. We transferred the appeal to this court on our
own motion, and we affirm. See *Commonwealth v. Davis*,
380 Mass. 1, 16-17 (1980).

It is undisputed that the defendant, the victim, and
others were present in a Salvation Army alcoholic drop-in
center in the afternoon of December 11, 1978, that the de-
fendant, the victim, and one or two others went outside,
and that the victim suffered a stab wound from his own

knife, from which he later died. The prosecution intro-
duced evidence that while the victim was lying on the
ground the defendant kicked him, took the knife and a
sheath from the victim's belt, started to walk away, and
then went back and stabbed the victim in the stomach.
Other versions of the incident varied. The defendant
testified that he was an alcoholic and had been drinking,
that he invited the victim outside to fight and was not afraid
of the victim, that he followed the victim outside and hit
him in the head, that the victim drew the knife and the de-
fendant grabbed for it, that both men fell, and that the de-
fendant then saw the handle of the knife protruding from
the victim's stomach.

We have reviewed the entire case as required by § 33E,
and we conclude that it was fairly presented to the jury and
that the jury's choice of a verdict of murder in the second
degree as against a verdict of manslaughter was quite
understandable and reasonable. See *Commonwealth* v.
*Ravida,* 371 Mass. 243, 248 (1976). The jury could find
that when the victim was lying on the ground there was no
such reasonable apprehension on the part of the defendant
as we found in *Commonwealth* v. *Jones,* 366 Mass. 805,
808-809 (1975). The case bears some resemblance to *Com-
monwealth* v. *King,* 374 Mass. 501 (1978), where we re-
duced the charge from murder in the first degree to murder
in the second degree.

*Judgment affirmed.*